UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WNUK,<br>Plaintiff<br><br>v.<br><br>ARIENS COMPANY and CARLISLE<br>TIRE & WHEEL COMPANY,<br>Defendants | )<br>)<br>)<br>)<br>) Docket No.<br>)<br>) 04-30082-KPN<br>)<br>) |

**COMPLAINT**

FILING FEE PAID:
RECEIPT # 305596
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 4/29/04

**THE PARTIES**

1.   The plaintiff, Robert Wnuk, is an individual citizen of the Commonwealth of Massachusetts residing at 30 Richmond Street, Adams, Berkshire County, Massachusetts.

2.   Defendant Ariens Company (hereinafter "Ariens") is a foreign corporation organized and existing under the laws of the State of Wisconsin with a principal place of business located at 655 West Ryan Street, Brillion, Wisconsin.

3.   Upon information and belief, defendant Carlisle Tire & Wheel Company (hereinafter "Carlisle") is a foreign corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 23 Windham Boulevard, Aiken, South Carolina.

**JURISDICTION AND VENUE**

4.   Subject matter jurisdiction is predicated upon diversity of citizenship as set forth in 28 USC § 1332, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is present in the District of Massachusetts, pursuant to 28 USC § 1391(a)(2), the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

6. During all times relevant hereto, Ariens designed, manufactured, assembled, inspected, produced, promoted, labeled, distributed, supplied or sold an Ariens riding lawn mower identified as Model No. 936012, bearing Serial No. 000471, and related equipment (hereinafter the "goods" or "Ariens riding lawn mower") and was a merchant with respect to riding lawn mowers of the type which the goods were.

7. Upon information and belief, defendant Ariens regularly transacts business in the Commonwealth of Massachusetts and derives substantial revenue from the sale and use of its products in the Commonwealth of Massachusetts.

8. Defendant Ariens is now and has at all times relevant hereto been engaged in the business of retailing outdoor lawn and garden equipment for use by the general public.

9. Ariens placed the goods into the stream of commerce and the goods through the normal channels of commerce were ultimately sold to plaintiff Robert Wnuk's grandmother, Mrs. Joseph R. Lyden of 91 Friend Street, Adams, Massachusetts.

10. The goods were expected to and did reach plaintiff Robert Wnuk's grandmother, Mrs. Joseph R. Lyden, without having undergone substantial change in the condition in which they were in at the time they were sold.

11. At the time said goods were sold to the plaintiff's grandmother, the plaintiff, Robert Wnuk, was a person who Ariens would have reasonably expected to use or be affected by the goods.

2

12. Upon information and belief, prior to the sale of the Ariens riding lawn mower to the plaintiff's grandmother, defendant Carlisle designed, promoted, manufactured, assembled, inspected, produced, promoted, labeled, distributed, supplied or sold component parts for said Ariens riding lawn mower to defendant Ariens, including the rear wheel assembly.

13. Said component parts, including said rear wheel assembly, were incorporated by Ariens into said Ariens riding lawn mower prior to the sale of the Ariens riding lawn mower to plaintiff's grandmother.

14. On May 14, 2001, the plaintiff, Robert Wnuk, while operating said Ariens riding lawn mower at his grandmother's residence at 91 Friend Street, Adams, Massachusetts, sustained serious injury.

## COUNT I
### (Robert Wnuk v. Ariens)
### (Breach of Express Warranty)

15. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

16. At the time of the sale by defendant Ariens of said Ariens riding lawn mower, Ariens made express warranties created as follows:

(a) defendant Ariens made affirmations of fact and promises to plaintiff Robert Wnuk's grandmother, Mrs. Joseph R. Lyden, which related to said Ariens riding lawn mower and which became a part of the basis of the bargain, including affirmations of fact about the use of said Ariens riding lawn mower and promises that the Ariens riding lawn mower was fit for the purpose of cutting grass; and

(b)     defendant Ariens provided a description of the Ariens riding lawn mower which was made part of the basis of the bargain and that the Ariens riding lawn mower would conform to said description; and

(c)     defendant Ariens provided a sample or model of said Ariens riding lawn mower which was made part of the basis of the bargain.

17.     At the time of the sale of said Ariens riding lawn mower:

(a)     the affirmations of fact about the use of said Ariens riding lawn mower were inadequate and failed to warn of hazards associated with such use, and said Ariens riding lawn mower was defectively designed, manufactured or assembled, was not fit for the purpose of cutting grass, and thus did not conform to said affirmations and promises;

(b)     said Ariens riding lawn mower was defectively designed, manufactured or assembled resulting in a failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward and thus did not conform to said description; and

(c)     said Ariens riding lawn mower was defectively designed, manufactured or assembled resulting in a failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward and thus did not conform to said sample or model.

18.     The goods were in a defective condition at or about the time the goods were sold and therefore unreasonably dangerous to the ultimate user.

19.     Defendant Ariens breached the express warranties made by it at the time of the sale of said Ariens riding lawn mower.

20.     As a direct and proximate result of the breach of express warranties by defendant Ariens, the plaintiff, Robert Wnuk, suffered severe injury on May 14, 2001, and incurred costs

and expenses for medical care and treatment, including surgery, and experienced severe and conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Ariens in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

**COUNT II**
**(Robert Wnuk v. Ariens)**
**(Breach of Implied Warranty of Merchantability)**

21. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

22. At the time of the sale of said Ariens riding lawn mower, defendant Ariens was a merchant with respect to goods of that kind.

23. At the time of said sale, defendant Ariens made certain warranties of merchantability pursuant to M.G.L. c. 106, § 2-314, that said Ariens riding lawn mower:

    (a)    would pass without objection in the trade under the contract description;

    (b)    was fit for the ordinary purposes for which such goods are used, i.e., for the purpose of cutting grass;

    (c)    ran, within the variations permitted by the agreement, of even kind and quality within each unit and among all units involved, i.e., had characteristics in common with other Ariens riding lawn mowers;

    (d)    was adequately contained, packaged and labeled as the agreement required, i.e., adequately instructed users and consumers of the proper methods of use of said Ariens riding lawn mower and the hazards associated with such use; and

(e) conformed to the promises or affirmations of fact made on the container or label, i.e., that it was in fact an Ariens riding lawn mower fit for cutting grass.

24. At the time of said sale, defendant Ariens breached the warranties of merchantability made by it in that said Ariens riding lawn mower:

(a) did not pass without objection in the trade under the contract description, i.e., it was defectively designed, manufactured or assembled resulting in the failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward;

(b) was not fit for the ordinary purposes for which such goods are used, i.e., it was not fit for the purpose of cutting grass because it was defectively designed, manufactured or assembled resulting in a failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward;

(c) did not run, within the variations permitted by the agreement, of even kind and quality within each unit and among all units involved, i.e., it did not have rear wheel assembly characteristics of other units, but was defectively designed, manufactured or assembled resulting in the failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward;

(d) was not adequately contained, packaged or labeled as the agreement required, i.e., failed to adequately instruct and warn users and consumers of the proper methods of use of said Ariens riding lawn mower and failed to warn of the hazards associated with such use; and

(e) did not conform to the promises or affirmations of fact made on the container, package or label, i.e., it was not an Ariens riding lawn mower fit for cutting grass, but was in fact defective.

25. Defendant Ariens breached the implied warranties of merchantability made by it at the time of the sale of said Ariens riding lawn mower.

26. As a direct and proximate result of defendant Ariens' breach of the implied warranty of merchantability, on May 14, 2001, the plaintiff, Robert Wnuk, suffered severe injury, incurred expenses for medical care and treatment, including surgery, experienced severe conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Ariens in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

### COUNT III
### (Robert Wnuk v. Ariens)
### (Negligence)

27. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

28. Defendant Ariens negligently designed, manufactured, assembled, inspected, produced, promoted, labeled, distributed, supplied or sold the Ariens riding lawn mower.

29. As a direct and proximate result of defendant Ariens' negligence, the plaintiff, Robert Wnuk, on May 14, 2001, suffered severe injury, incurred costs and expenses for medical care and treatment, including surgery, experienced severe conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Ariens in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

## COUNT IV
## (Robert Wnuk v. Carlisle)
## (Breach of Express Warranty)

30. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

31. At the time of the sale by defendant Carlisle of said rear wheel assembly to defendant Ariens, Carlisle made express warranties created as follows:

(a) defendant Carlisle made affirmations of fact and promises to defendant Ariens which related to said rear wheel assembly and which became part of the basis of the bargain, including affirmations of fact about the use of said rear wheel assembly and promises that the rear wheel assembly was fit for its intended purpose as a component part of the Ariens riding lawn mower;

(b) defendant Carlisle provided a description of the rear wheel assembly to defendant Ariens which was made part of the basis of the bargain and that the rear wheel assembly would conform to said description; and

(c) defendant Carlisle provided a sample or model of said rear wheel assembly to defendant Ariens which was made part of the basis of the bargain and that the rear wheel assembly would conform to said sample or model.

32. At the time of the sale of said rear wheel assembly:

(a) the affirmations of fact related to said rear wheel assembly and the use of said rear wheel assembly in said Ariens riding lawn mower were inadequate and failed to warn of hazards associated with such use, and said rear wheel assembly was defectively designed, manufactured or assembled, was not fit for incorporation into said Ariens riding lawn mower and thus did not conform to said affirmations and promises;

8

(b) said rear wheel assembly was defectively designed, manufactured or assembled resulting in a failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward and thus did not conform to said description; and

(c) said rear wheel assembly was defectively designed, manufactured or assembled resulting in a failure of the rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward and thus did not conform to said sample or model.

33. The rear wheel assembly was in a defective condition at or about the time it was sold to Ariens and the Ariens riding lawn mower was sold by Ariens and therefore unreasonably dangerous to the user.

34. Defendant Carlisle breached the express warranties made by it at the time of the sale of said rear wheel assembly to Ariens.

35. As a direct and proximate result of the breach of express warranties by defendant Carlisle, on May 14, 2001, the plaintiff, Robert Wnuk, suffered severe injury and incurred costs and expenses for medical care and treatment, including surgery, and experienced severe and conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Carlisle in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

## COUNT V
### (Robert Wnuk v. Carlisle)
### (Breach of Implied Warranty of Merchantability)

36. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

37. At the time of the sale of said rear wheel assembly to Ariens, defendant Carlisle was a merchant with respect to goods of that kind.

38. At the time of said sale, defendant Carlisle made certain warranties of merchantability pursuant to M.G.L. c. 106, § 2-314, that said rear wheel assembly:

(a) would pass without objection in the trade under the contract description, i.e., a non-defective rear wheel assembly;

(b) was fit for the ordinary purposes for which such goods are used, i.e., for the purpose of serving as a rear wheel assembly in Ariens riding lawn mowers;

(c) ran, within the variations permitted by the agreement, of even kind and quality within each unit and among all units involved, i.e., had characteristics in common with other rear wheel assembly units;

(d) was adequately contained, packaged and labeled as the agreement required, i.e., adequately instructed and warned users and consumers of the proper methods of incorporation and use of said rear wheel assembly and the hazards associated with such incorporation and use; and

(e) conformed to the promises or affirmations of fact made on the container or label, i.e., that it was in fact a non-defective rear wheel assembly fit for incorporation into an Ariens riding lawn mower.

39. At the time of said sale, defendant Carlisle breached the warranties of merchantability made by it in that said rear wheel assembly:

(a) did not pass without objection in the trade under the contract description, i.e., it was not a non-defective rear wheel assembly, but was defective;

(b) was not fit for the ordinary purposes for which such goods are use, i.e., it was not fit for the purpose of incorporation into said Ariens riding lawn mower because it was defective;

(c) did not run, within the variations permitted by the agreement, of even kind and quality within each unit and among all units involved, i.e., it did not have the characteristics of other rear wheel assembly units, but was defective;

(d) was not adequately contained, packaged and labeled as the agreement required, i.e., failed to adequately instruct and warn users and consumers of the proper methods of incorporation and use of said rear wheel assembly and failed to warn of the hazards associated with such incorporation and use; and

(e) did not conform to the promises or affirmations of fact made on the container or label, i.e., it was not a defect-free rear wheel assembly fit for incorporation into an Ariens riding lawn mower, but was in fact defective.

40. The rear wheel assembly was not, in fact, of merchantable quality in that the wheel assembly failed during operation allowing the Ariens riding lawn mower to roll backward.

41. Defendant Carlisle breached the implied warranties of merchantability made by it at the time of the sale of said rear wheel assembly.

42. As a direct and proximate result of Carlisle's breach of the implied warranties of merchantability, on May 14, 2001, the plaintiff, Robert Wnuk, suffered severe injury, incurred expenses for medical care and treatment, including surgery, experienced severe conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Carlisle in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

**COUNT VI**
**(Robert Wnuk v. Carlisle)**
**(Breach of Implied Warranty**
**of Fitness for a Particular Purpose)**

43. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

44. Said rear wheel assembly was purchased for the particular purpose of incorporation into said Ariens riding lawn mower.

45. At the time defendant Carlisle contracted for the sale of said rear wheel assembly or before the Ariens riding lawn mower was placed in the stream of commerce by Ariens, it had reason to know, and did in fact know, of the particular purpose for which said rear wheel assembly was required and that its purchaser was relying upon Carlisle's skill and judgment to select or furnish suitable goods and utilize the necessary skill, knowledge and judgment to design, produce, manufacture, assemble and inspect said rear wheel assembly and that said rear wheel assembly was fit for such purposes.

46. Defendant Carlisle warranted that said rear wheel assembly would be fit for such purposes.

47. Said rear wheel assembly was not fit for such purposes in that the rear wheel assembly was defectively designed, manufactured, assembled, or produced resulting in a failure of said rear wheel assembly during operation allowing the Ariens riding lawn mower to roll backward.

12

48. Defendant Carlisle breached its warranty of fitness for a particular purpose.

49. As a direct and proximate result of defendant Carlisle's breach of implied warranty of fitness for a particular purpose, on May 14, 2001, the plaintiff, Robert Wnuk, suffered severe injury, incurred expenses for medical care and treatment, including surgery, experienced severe conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Carlisle in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

## COUNT VII
### (Robert Wnuk v. Carlisle)
### (Negligence)

50. The plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 14 above.

51. Defendant Carlisle negligently designed, manufactured, assembled, inspected, produced, promoted, labeled, distributed, supplied or sold said rear wheel assembly ultimately incorporated into said Ariens riding lawn mower.

52. As a direct and proximate result of Carlisle's negligence, on May 14, 2001, the plaintiff, Robert Wnuk, suffered severe injury, incurred costs and expenses for medical care and treatment, including surgery, experienced severe conscious pain and suffering and suffered lost earning capacity.

WHEREFORE, the plaintiff, Robert Wnuk, demands judgment against defendant Carlisle in the amount of $1,000,000, together with interest and costs and such other and further relief as this Court deems just.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: April 28, 2004

                        THE PLAINTIFF

                        By his attorneys,

                        _____
                        J. Norman O'Connor, Jr.
                        BBO No. 376915

                        _____
                        Michael R. Palmieri
                        BBO No. 645674

                        For Donovan & O'Connor, LLP
                        1330 Mass MoCA Way
                        North Adams, MA   01247
                        Tel.:   (413) 663-3200
                        Fax:   (413) 663-7970

MRP:MGR