UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

2004 JUN 28  P 2: 41

U.S. DISTRICT COURT
DISTRICT OF MASS

| | | |
|---|---|---|
| ROBERT WNUK,<br>    Plaintiff | ) | |
| | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 04-30082-KPN |
| | ) | |
| ARIENS COMPANY and CARLISLE TIRE | ) | |
| & WHEEL COMPANY, | ) | |
|    Defendants | ) | |
| | ) | |
| | ) | |

**APPEARANCE, ANSWER, JURY CLAIM AND CROSSCLAIM OF THE DEFENDANT
ARIENS COMPANY, TO COMPLAINT OF THE PLAINTIFF, ROBERT WNUK**

The defendant, Ariens Company, claims a trial by jury as to all issues raised by the
complaint of the plaintiff, Robert Wnuk.

**FIRST DEFENSE**

**The Parties**

1.     The defendant, Ariens Company, can neither admit nor deny the allegations

contained in Paragraph No. 1 of the plaintiff's complaint, because the defendant is without

knowledge or information sufficient to form a belief as to the truth of said allegations.

2.     The defendant, Ariens Company, admits the allegations contained in Paragraph

No. 2 of the plaintiff's complaint.

3.     The defendant, Ariens Company, can neither admit nor deny the allegations

contained in Paragraph No. 3 of the plaintiff's complaint, because the defendant is without

knowledge or information sufficient to form a belief as to the truth of said allegations.

**Jurisdiction and Venue**

4.     The defendant, Ariens Company, admits that there is diversity of citizenship, but

denies that the matter in controversy exceeds $75,000.

5.    The defendant, Ariens Company, admits the allegations contained in Paragraph No. 5 of the plaintiff's complaint.

**Facts**

6.    The defendant, Ariens Company, admits the allegations contained in Paragraph No. 6 of the plaintiff's complaint.

7.    The defendant, Ariens Company, admits that the court has personal jurisdiction over it in this matter, but denies the allegations contained in Paragraph No. 7 of the plaintiff's complaint.

8.    The defendant, Ariens Company, admits the allegations contained in Paragraph No. 8 of the plaintiff's complaint.

9.    The defendant, Ariens Company, can neither admit nor deny the allegations contained in Paragraph No. 9 of the plaintiff's complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

10.    The defendant, Ariens Company, can neither admit nor deny the allegations contained in Paragraph No. 10 of the plaintiff's complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

11.    The defendant, Ariens Company, can neither admit nor deny the allegations contained in Paragraph No. 11 of the plaintiff's complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

12.    The defendant, Ariens Company, admits that Carlisle sold the rear wheel assembly, but denies the remaining allegations contained in Paragraph No. 12 of the plaintiff's complaint, as phrased.

13.    The defendant, Ariens Company, admits that the rear wheel assembly was incorporated into the subject riding lawn mower, but can neither admit nor deny the remaining

2

allegations contained in Paragraph No. 13 of the plaintiff's complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

14.    The defendant, Ariens Company, can neither admit nor deny the allegations contained in Paragraph No. 14 of the plaintiff's complaint, because the defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations.

**Count I**

15.    The defendant, Ariens Company, repeats and re-alleges its answers to Paragraph 1 through 14 of the plaintiff's complaint, as fully as if herein set forth.

16.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 16 of Count I of the plaintiff's complaint, including each and every sub-part contained therein.

17.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 17 of Count I of the plaintiff's complaint, including each and every sub-part contained therein.

18.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 18 of Count I of the plaintiff's complaint.

19.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 19 of Count I of the plaintiff's complaint.

20.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 20 of Count I of the plaintiff's complaint.

**Count II**

21.    The defendant, Ariens Company, repeats and re-alleges its answers to Paragraph 1 through 20 of the plaintiff's complaint, as fully as if herein set forth.

3

22.    The defendant, Ariens Company, admits the allegations contained in Paragraph No. 22 of Count II of the plaintiff's complaint.

23.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 23 of Count II of the plaintiff's complaint, including each and every sub-part contained therein.

24.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 24 of Count II of the plaintiff's complaint, including each and every sub-part contained therein.

25.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 25 of Count II of the plaintiff's complaint.

26.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 26 of Count II of the plaintiff's complaint.

**Count III**

27.    The defendant, Ariens Company, repeats and re-alleges its answers to Paragraph 1 through 26 of the plaintiff's complaint, as fully as if herein set forth.

28.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 28 of Count III of the plaintiff's complaint.

29.    The defendant, Ariens Company, denies the allegations contained in Paragraph No. 29 of Count III of the plaintiff's complaint.

**Count IV**

Count IV does not contain allegations against the defendant, Ariens Company, and, as a result, no answers are required from it. To the extent the allegations are interpreted to require a response, they are denied.

**Count V**

Count V does not contain allegations against the defendant, Ariens Company, and, as a result, no answers are required from it. To the extent the allegations are interpreted to require a response, they are denied.

**Count VI**

Count VI does not contain allegations against the defendant, Ariens Company, and, as a result, no answers are required from it. To the extent the allegations are interpreted to require a response, they are denied.

**Count VII**

Count VII does not contain allegations against the defendant, Ariens Company, and, as a result, no answers are required from it. To the extent the allegations are interpreted to require a response, they are denied.

## SECOND DEFENSE

And further answering, the defendant says that the injuries and damages alleged were caused in whole or in part by negligence of the plaintiff to a degree greater than any alleged negligence of the defendant.

## THIRD DEFENSE

And further answering, the defendant says that if the plaintiff has a claim for breach of warranty against the defendant, which said defendant expressly denies, the plaintiff has failed to give due and seasonable notice of said breach to the defendant and the plaintiff is thereby barred from recovery.

## FOURTH DEFENSE

And further answering, the defendant says that the plaintiff's injuries were caused by the plaintiff's misuse of the alleged product and the plaintiff is thereby barred from recovery.

5

## FIFTH DEFENSE

And further answering, the defendant says that this action was not commenced within the time prescribed by the applicable statutes of limitations and/or repose.

## SIXTH DEFENSE

And further answering, the defendant says that if the product is determined to have been defective and unreasonably dangerous, the plaintiff proceeded unreasonably to make use of the product after discovering the product's defect and being made aware of its danger, and the plaintiff is thereby barred from recovery.

## SEVENTH DEFENSE

And further answering, the defendant says that the injuries and damages alleged were not caused by the acts of any person for whose conduct the defendant was legally responsible.

## EIGHTH DEFENSE

And further answering, the defendant says that the plaintiff's complaint in the above matter fails for lack of subject matter jurisdiction, because it does not satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332. Wherefore, the defendant moves that this complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to the lack of subject matter jurisdiction.

## CROSS-CLAIM OF THE DEFENDANT/PLAINTIFF-IN-CROSS-CLAIM, ARIENS COMPANY, AGAINST THE CO-DEFENDANT/ DEFENDANT-IN-CROSS-CLAIM, CARLISLE TIRE & WHEEL COMPANY

**The defendant/plaintiff-in-cross-claim, Ariens Company, claims a trial by jury as to all issues raised by this cross-claim against the co-defendant/defendant-in-cross-claim, Carlisle Tire & Wheel Company.**

1.    This is a cross-claim asserted, pursuant to Fed. R. Civ. P. 13(g), by the defendant/ plaintiff-in-cross-claim, Ariens Company, against the co-defendant/defendant-in-cross-claim,

6

Carlisle Tire & Wheel Company ("Carlisle"), for indemnity, breach of warranty, and contribution.

2.      The defendant/plaintiff-in-cross-claim, Ariens Company, is a foreign corporation duly organized and existing under the laws of the State of Wisconsin, with a principal place of business in Brillon, Wisconsin.

3.      The co-defendant/defendant-in-cross-claim, Carlisle, is a foreign corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business in Aiken, South Carolina.

4.      Subject matter jurisdiction is predicated upon the diversity of citizenship as se forth in 28 U.S.C. § 1332, and upon the plaintiff's allegations that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is present in the District of Massachusetts, pursuant to 28 U.S.C. § 1391(a)(2), the judicial district in which a substantial part of the alleged events or omissions purportedly giving rise to the plaintiff's claim occurred.

6.      The plaintiff, Robert Wnuk, has filed a complaint against Ariens Company (a copy of which is attached hereto as Exhibit 1), alleging that Ariens Company is liable to the plaintiff for the injuries alleged in his complaint.

7.      The plaintiff also has filed claims against Carlisle, the seller of a rear wheel assembly for use on a front engine riding mower, alleging that Carlisle made and breached express and implied warranties and was otherwise negligent, all to the detriment of the plaintiff.

8.      Ariens Company reaffirms and re-alleges the admissions, denials, allegations, defenses, and statements contained in its answer to the plaintiff's complaint, and incorporates same herein by reference.

## Count I:  Breach of Express and Implied Warranties

9.     The defendant/plaintiff-in-cross-claim, Ariens Company, affirms and re-alleges the admissions, denials, allegations, defenses, and statements set forth in Paragraph Nos. 1 through 8 of this cross-claim, and incorporates same herein by reference.

10.     If the plaintiff is entitled to recover against Ariens Company, which Ariens Company denies, Ariens Company states that Carlisle is or may be liable to Ariens Company for all or any part of any such recovery by the plaintiff, because Carlisle expressly and/or impliedly warranted that the rear wheel assembly sold by Carlisle was merchantable and fit for the ordinary purpose for which such goods are used, and that such rear wheel assembly was fit for the particular purpose for which such goods are used.

11.     If Carlisle breached the express and/or implied warranties made concerning the rear wheel assembly, and if the breach caused, in any way, the injuries and damages that the plaintiff alleges, then Carlisle is or may be liable to Ariens Company for any and all payments and/or recovery by the plaintiff.

WHEREFORE, Ariens Company demands judgment against Carlisle in any and all amounts Ariens Company pays, or is ordered to pay, to the plaintiff, together with interest, costs, investigative expenses, and attorneys' fees incurred by Ariens Company in defending against the plaintiff's action and in bringing this cross-claim.

## Count II:  Common Law Indemnity

12.     Ariens Company affirms and re-alleges the admissions, denials, allegations, defenses, and statements contained in Paragraph Nos. 1 through 11 of this cross-claim, and incorporates same herein by reference.

13.     If the plaintiff is entitled to recover against Ariens Company, which Ariens Company denies, Ariens Company states that Carlisle is or may be liable to Ariens Company for

8

all or any part of such recovery by the plaintiff, because the negligence of Carlisle, or of persons for whose conduct it is responsible, was the actual cause of the plaintiff's damages, if any; Ariens Company did not participate in the negligence or misconduct of Carlisle; and the liability of Ariens Company, if any, is passive, vicarious, and derivative, whereas the liability of Carlisle is active, actual, and direct.

WHEREFORE, Ariens Company demands judgment against Carlisle in any and all amounts Ariens Company pays, or is ordered to pay, to the plaintiff, together with interest, costs, investigative expenses, and attorneys' fees incurred by Ariens Company in defending against the plaintiff's action and in bringing this cross-claim.

## Count III: Tort-Based Indemnity

14.     Ariens Company affirms and re-alleges the admissions, denials, allegations, defenses, and statements contained in Paragraph Nos. 1 through 13 of this cross-claim, and incorporates same herein by reference.

15.     If the plaintiff is entitled to recover against Ariens Company, which Ariens Company denies, Ariens Company states that Carlisle is or may be liable to Ariens Company for any and all part of such recovery by the plaintiff, because of the special relationship that existed between Ariens Company and Carlisle given the great disparity in the relative degree of fault, if any, which Ariens Company expressly denies, between Ariens Company and Carlisle.

WHEREFORE, Ariens Company demands judgment against Carlisle in any and all amounts Ariens Company pays, or is ordered to pay, to the plaintiff, together with interest, costs, investigative expenses, and attorneys' fees incurred by Ariens Company in defending against the plaintiff's action and in bringing this cross-claim.

**Count IV:  Contribution**

16.    Ariens Company affirms and re-alleges the admissions, denials, allegations, defenses, and statements contained in Paragraph Nos. 1 through 15 of this cross-claim, and incorporates same herein by reference.

17.    If the plaintiff is entitled to recover against Ariens Company, which Ariens Company denies, Ariens Company states that Carlisle is or may be liable to Ariens Company for any and all part of such recovery by the plaintiff, because the negligence of Carlisle was the proximate cause of the plaintiff's alleged injuries, if any.

WHEREFORE, Ariens Company demands contribution from Carlisle for a *pro rata* share of any sum that may be adjudged against Ariens Company, in favor of the plaintiff, in accordance with Mass. Gen. Laws c. 231B, together with interest, costs, investigative expenses, and attorneys' fees incurred by Ariens Company in defending against the plaintiff's action and in bringing this cross-claim.

MARTIN, MAGNUSON, McCARTHY
& KENNEY


Edward F. Mahoney
B.B.O. No. 546436
Attorney for Defendant,
Ariens Company
101 Merrimac Street
Boston MA 02114
617-227-3240

10

## <u>CERTIFICATE OF SERVICE</u>

I, Edward F. Mahoney, counsel for defendant, Ariens Company, hereby certify that on the 25th day of June, 2004, a copy of the above document was sent by mail, postage prepaid to:

J. Norman O'Connor, Jr., Esq.
Michael R. Palmieri
Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA  01247
Attorneys for plaintiff Robert Wnuk

William J. Dailey, Jr., Esq.
Sloane & Walsh, LLP
3 Center Plaza
Boston, MA  02108
Attorneys for defendant, Carlisle Tire &
  Wheel Company

_____
Edward F. Mahoney
B.B.O. No. 546436
Attorney for Defendant,
Ariens Company
101 Merrimac Street
Boston MA 02114
617-227-3240

11